RYDER v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. May 28, 1900.)

Use and Occupation—Use—Evidence—Sufficiency—Implied Agreement.
  Where town commissioners contracted with defendant for the use of a strip of land as a private roadway for five years, ending in 1889, for which they paid, and at the expiration thereof removed the fences they had placed along it, and the only use made of it thereafter was that some of the city contractors' workmen occasionally passed over it, which was not sanctioned by or known to the commissioners, an action for such use subsequent to 1889 cannot be maintained, since there was no agreement on the part of the commissioners to pay, or any use made of the road sufficient to raise an implied agreement.

Action by Bartholomew Ryder against the city of New York. Judgment for defendant.

Elliot Williams, for plaintiff.
John Whalen and H. T. Dyckman, for defendant.

McADAM, J. The court can find no solid legal ground on which to hold the city in this action for rent or use and occupation. The aqueduct commissioners took possession of and used a strip of the plaintiff's land, in the town of Ossining, Westchester county, for a private roadway leading from the highway to shaft No. 4 of the new Croton aqueduct. The strip, being about 3 rods wide and 1,000 to 1,500

feet in length, was used under an agreement, not clearly defined, for five years, at $100 per year. The plaintiff was paid $500 for this use, which commenced in 1884 and terminated in 1889. During this interval the commissioners took formal possession by fencing the roadway; but subsequently the fence was torn down by the workmen, indicating an abandonment of the premises by the commissioners. It is impossible to find from the evidence either an express agreement by the commissioners to pay rent after that time, or any use by them of the roadway which can be construed into an implied contract on their part to pay. If there was a new hiring in 1889, how was it made and how long was it to continue? This essential does not appear. If the hiring was for longer than one year, the agreement is void by statute, not being evidenced by a note or memorandum in writing. We are thus compelled to find evidence of such an actual user by the municipal authorities as implies a continuance of the old agreement or the making of a new one, or the plaintiff is without a cause of action. It is conceded that prior to 1889 the commissioners made actual use of the roadway for the cartage of material for the aqueduct and purposes connected therewith. The only evidence of a use thereafter is that some of the contractors' workmen passed over the roadway journeying to and from their work, but it does not appear that even this incidental use was in any manner required, authorized, or sanctioned by the commissioners, or even known to them or the municipality. In order to establish a use by the city of a private roadway so as to charge it with rent therefor, it must clearly appear that the use was at least a perceptible one and that for municipal purposes. The evidence fails to show this. No demand for the rent claimed was made from 1889 until the commencement of this action, a period of about eleven years. The statute of limitations has run against any claim for nearly five years, between 1889 and 1894; so that if the plaintiff supposed he had any legal demand after 1889 he allowed it to slumber, and acted as if he had none. The evidence certainly does not establish a meritorious claim.

Under the circumstances it is unnecessary to consider the various technical objections urged against a recovery, and there must be judgment for the defendant on the grounds already stated.